IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLY PETERSON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. CCB 06-1067 |
| BOARD OF EDUCATION OF BALTIMORE COUNTY, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT DECREE**

1.  Defendants Joe A. Hairston and the Board of Education of Baltimore County (hereinafter "Defendants"), are hereby enjoined to comply with all applicable requirements of the McKinney-Vento Homeless Assistance Act, 42 U.S.C § 11431-11434a (2001) ("McKinney-Vento"), as amended from time to time. This injunction will expire two years after final approval of this Consent Decree by the Court, provided, however, that either party may move to continue the injunction within thirty days of its expected expiration date if substantial compliance has not been achieved.

2.  Defendants have agreed to improve their McKinney-Vento program (Program) to enhance the identification of homeless children and youth in Baltimore County, inform these students and their parents or guardians of the educational rights of homeless students, remove barriers to the enrollment, attendance and success in school of these students, ensure that students are not segregated on the basis of homelessness and track the students' involvement with the Program. The parties acknowledge that there has been no judicial determination that Defendants violated McKinney-Vento and nothing in this agreement shall be construed as an admission of liability on Defendants' part.

3.  The specifics of the Program are reflected in a Memorandum of Understanding (MOU) and its attachments, which have been separately agreed to by the parties. The MOU is not incorporated into this Consent Decree and is not separately enforceable by the Court.

4.  The parties agreed during early stages of settlement negotiations to implement the terms of this settlement to the extent possible pending final approval of settlement by the Court and pending any formal approval or adoption of the settlement by Defendant Board of Education of Baltimore County.

5.  BCPS shall provide monitoring reports to counsel for plaintiffs once each semester, no later than fifteen (15) school days after the semester ends, beginning with the first semester that ends following final approval of this Consent Decree, and continuing for a total of four consecutive semesters  The monitoring reports shall include the following information for each BCPS student identified as homeless, and shall be provided in an electronically readable format:

   a. student name
   b. student identification number
   c. age
   d. grade
   e. temporary address
   f. school of origin
   g. local school serving temporary address
   h. school proposed by parent
   i. school proposed by BCPS
   j. school attended
   k. any appeal filed related to McKinney-Vento rights, and the result of such appeal

2

    l.    date identified as homeless by BCPS

    m.    date enrollment was first requested by parent or unaccompanied youth

    n.    date of enrollment

    o.    date transportation was requested by parent or unaccompanied youth

    p.    date transportation request was made by PPW or other BCPS personnel

    q.    date transportation actually began

    r.    type of transportation

    s.    number of school days this type of transportation was provided

    t.    redacted copies of the Bridge Center Referral & Screening Forms.

6.    Beginning with the first semester that ends following final approval of this Consent Decree, and continuing for a total of four consecutive semesters, BCPS shall also provide copies of the following:

    a.    translated copies of all brochures, forms and letters applicable to homeless students;

    b.    McKinney-Vento-related training materials;

    c.    verification of the dates on which trainings were held, which personnel were directed to attend, the means by which personnel were directed to attend the training, the identity of the person conducting the training, the number of personnel eligible to attend the training, and the number of personnel actually in attendance;

    d.    verification that the brochure entitled *Homeless Children and Youth in Baltimore County Public School* has been distributed to school nurses, teachers and bus drivers in accordance with the parties' MOU;

3

  e. verification that newly hired staff have been trained on the BCPS McKinney-Vento Program in accordance with the parties' MOU;

  f. verification that trainings have been offered to agencies that have regular contact with homeless families such as shelter personnel, transitional housing personnel, and social services agencies in accordance with the parties' MOU;

  g. verification that children awaiting foster care or other homeless children have not been educated in segregated settings and have been provided with their McKinney-Vento rights, including, in particular, verification that children in emergency or temporary shelters have not been placed at the Bridge Center; and

  h. the results of the annual evaluation of the BCPS McKinney-Vento Program.

7. The parties agree, and the Court has determined, that compliance with this Consent Decree as set forth in the MOU and all its attachments meets the requirements of the McKinney-Vento Act in its current form.

8. Damages for Plaintiff Bullock have been resolved to the satisfaction of the parties.

9. Defendants have agreed to pay $145,000, and the Court hereby awards said amount to Plaintiffs' counsel, in satisfaction of its claim for attorney's fees and expenses incurred in achieving the resolution by settlement of the merits, including fees incurred in resolving the fees themselves.

_____/s/_____
Hon. Catherine C. Blake
United States District Judge

*CCB*
*6-18-08*

4

WE CONSENT:

_____/s/_____
P. Tyson Bennett
REESE AND CARNEY, LLP
Federal Bar No. 00992
170 Jennifer Road, Suite 245
Annapolis, MD 21401
(410) 573-2001
ptb@reese-carney.com


_____/s/_____
Eric C. Brousaides
REESE AND CARNEY, LLP
Federal Bar No. 12497
10715 Charter Drive
Columbia, MD 21044
(410) 740-4600
ecb@Reese-Carney.com

*Counsel for Defendant Board of Education of Baltimore County*


_____/s/_____
Margaret-Ann F. Howie
Federal Bar No. 26076
Anjanette L. Dixon
Federal Bar No. 26067
6901 North Charles Street
Towson, MD 21204
(410) 887-4060
mhowie@bcps.org
adixon@bcps.org

*Counsel for Defendant Joe A. Hairston*


_____
Joe A. Hairston, Superintendent
Board of Education of Baltimore County,
On His Own Behalf

5

_____
JoAnn C. Murphy, President
Board of Education of Baltimore County,
On Behalf of Defendant Board of Education of
Baltimore County


PUBLIC JUSTICE CENTER

_____/s/_____
Sally Dworak-Fisher
Federal Bar No. 27321
Debra Lynn Gardner
Federal Bar No. 24239
500 East Lexington Street
Baltimore, MD 21202
(410) 625-9409
dworak-fishers@publicjustice.org
gardnerd@publicjustice.org

*Counsel for Plaintiffs*



_____
Philly Peterson, Plaintiff



_____
Tonya Bullock, Plaintiff

6

_____
JoAnn C. Murphy, President
Board of Education of Baltimore County,
On Behalf of Defendant Board of Education of
Baltimore County


PUBLIC JUSTICE CENTER

_____/s/_____
Sally Dworak-Fisher
Federal Bar No. 27321
Debra Lynn Gardner
Federal Bar No. 24239
500 East Lexington Street
Baltimore, MD 21202
(410) 625-9409
dworak-fishers@publicjustice.org
gardnerd@publicjustice.org

*Counsel for Plaintiffs*

_____
Philly Peterson, Plaintiff

_____
Tonya Bullock, Plaintiff

6